UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

DAN ARINATWE on behalf of himself and all
others similarly situated,

                    Plaintiff,

v.                                              Case No.

AMERICAN HEALTH ASSOCIATES, INC.,               COLLECTIVE AND CLASS ACTION
                                                DEMAND FOR JURY TRIAL

                    Defendant.

## COMPLAINT

Plaintiff Dan Arinatwe, individually and on behalf of all others similarly situated, respectfully moves for judgment against Defendant American Health Associates, Inc. ("Defendant" or "AHA") as follows:

## I.       SUMMARY OF ACTION

1.      This is an action for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") and the Virginia Overtime Wage Act, VA Code § 40.1-29.2 ("VOWA").

2.      Plaintiff brings this action as a "hybrid" class and collective action for unpaid overtime under both federal and state law. Plaintiffs brings this action as a collective action under 29 U.S.C. 216(b), and for the state law claims only, as a class action under Federal Rule of Civil Procedure 23.

1

3.      Defendant has violated and continue to violate the FLSA and VOWA by having the following policies and practices:

a.      Defendant has a policy or practice of failing to include all remuneration paid to the employee (including non-discretionary bonuses, flat fees, piece rates, and similar forms of production-based or incentive compensation) in calculating overtime rates paid to Plaintiff and similarly situated employees for work in excess of 40 hours per week. This resulted and results in Plaintiff and similarly situated employees receiving less overtime wages than they are entitled to receive under the FLSA and VOWA. *See, e.g.*, 29 U.S.C. § 207(e)&(g); 29 C.F.R. § 778.107 *et seq.*; 29 C.F.R. § 778.208, *et seq.*

b.      Defendant has a policy or practice of failing to include in its calculation of compensable working time, and requiring Plaintiff and similarly situated employees to clock out for, time spent by the employees traveling from job site to job site during the workday. This resulted and results in Plaintiff and similarly situated employees not receiving overtime compensation for all overtime hours worked. *See, e.g.*, 29 C.F.R. § 785.38.

4.      Defendant's policies and/or practices comprising the alleged violations are ongoing.

5.      The **<u>FLSA Collective</u>** is defined as: all persons who have been employed by Defendant in any non-exempt position, and were paid non-discretionary bonuses, flat fees, piece rates, enhanced hourly rates, or similar forms of production-based or incentive compensation, and worked more than 40 hours in at least one workweek, within three years prior to this action's filing, or longer if equitable tolling is granted, to the trial of this action (the "Relevant Period").

6.     Plaintiff, on behalf of himself and all similarly situated employees, seeks unpaid overtime wages, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendants' FLSA violations.

7.     The **Virginia Class** is defined as: all members of the FLSA Collective who have been employed by Defendant in Virginia at any time during the Relevant Period.

8.     Plaintiff, on behalf of himself and others similarly situated, seeks unpaid overtime wages, liquidated damages, triple damages, pre- and post-judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendant's VOWA violations.

9.     Plaintiff reserves the right to propose amended class definitions and/or sub-classes in his motions for collective action and/or class action certification, or to add additional class claims under Rule 23 of the Federal Rule of Civil Procedure, to the extent discovery warrants such amendments or subclasses.

## II.     JURISDICTION AND VENUE

10.     This Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

11.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as these claims are so related to the FLSA claims they form part of the same case or controversy.

12.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391 since Defendant resides in the Southern District of Florida and acts and omissions giving rise to this lawsuit have taken place in the Southern District of Florida. Specifically, Defendant has its principal office in Davie, Florida and implemented the violative pay policies and practices from that office.

13.     Defendant is subject to personal jurisdiction in Florida.

## III.     PARTIES

14.     Plaintiff Arinatwe is a resident of Virginia who was employed by Defendant in Virginia from approximately 2020 to November 2023 as a mobile phlebotomist. At all times relevant, Plaintiff was an "employee" as defined in the FLSA and VOWA.

15.     Defendant American Health Associates, Inc. is a Florida corporation (according to filings with the Virginia State Corporation) with its principal office located at 15712 SW 41st St Ste 16, Davie, FL, 33331 - 1538, USA. At all times relevant, Defendant is and was an "employer" of Plaintiff and similarly situated individuals as defined by the FLSA and VOWA.

16.     Defendant's gross annual sales made or business done has been in excess of $500,000.00 in 2020, 2021, 2022, 2023, and Defendant is expected to exceed $500,000.00 in gross annual sales in 2024. Defendant operates in interstate commerce by, among other things, buying and/or selling goods and transacting business in multiple states, and/or by having two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce in multiple states. Defendant's employees, including Plaintiff and similarly situated employees, were engaged in commerce and/or the production of goods for commerce.

17.     During all time periods pertinent hereto, Defendant's employees regularly handled goods and materials such as gloves, alcohol, iodine, tourniquets, blood tubes, tube holders, needles, tape, gauze, mobile centrifuges, and other items necessary to perform their job duties.

## IV.     FACTUAL ALLEGATIONS

4

18.     Defendant is a laboratory services company that provides mobile phlebotomy and similar services to nursing homes, long-term care facilities, and similar healthcare facilities throughout the county.

19.     Defendant markets itself as "experts in delivering laboratory services for the long-term care industry. We dedicate more resources, staff, and technology than any other lab services provider. We have many programs specifically tailored for the benefit of the long-term care community, including operating 24 hours a day, 7 days a week, all year long." *See* https://www.americanhealthassociates.com/long-term-care/. Last accessed 9/7/2024. Defendant further markets itself as "The expertise and efficiency of our extensive lab network enables fast turnaround time on specimens with routine testing resulted by 7am the next morning with STAT service availability 24/7." *See* https://www.americanhealthassociates.com/physician-services/. Last accessed 9/7/2024.

20.     To administer its laboratory services, Defendant employed and employs Plaintiff and similarly situated employees as mobile phlebotomists, mobile sonographers, and similar positions.

21.     Plaintiff worked for Defendant from approximately 2020 to November 2023 as a mobile phlebotomist in Virginia. The job duties of the position entailed traveling throughout the workday to and between long term care facilities or individual homes to collect blood samples, and delivering those samples to spinning sites or hospitals/labs.

22.     Plaintiff and similarly situated employees have "routes" or "radiuses" within which they provide Defendant's mobile lab services to long term care facilities, including nursing homes and similar healthcare facilities, as well as to individuals at their homes.

23.     This work requires travel between multiple job sites each workday.

24.     Plaintiff and similarly situated employes use their personal vehicles for this travel.

25.     In a typical day, Plaintiff and similarly situated employees might travel to 6 or more different long term care facilities and/or individual homes to collect blood samples for Defendant.

26.     After each collection, the employee transports the specimen(s) to a lab or hospital or a spinning site.

27.     After delivering the sample(s) to the lab or hospital or spinning site, the employee travels to the next job site to collect more blood samples for Defendant, then delivers the samples to a hospital/lab or spinning site, then travels to the next job site to collect more bloods samples, then delivers the samples to a hospital/lab or spinning site, and so on for the duration of the workday.

28.     Defendant tracks the working time of Plaintiff and similarly situated employees by electronic means, typically using phone-based timekeeping software.

29.     Using the timekeeping software, Plaintiff and similarly situated employees clock in and clock out, or place phone calls to clock in and clock out.

30.     Defendant paid and pays Plaintiff and similarly situated employees multiple forms of compensation for this work, including the following:

     a.     A base hourly rate, typically $10-12 per hour.

     b.     A "Morning Run Facility Fee" or "Draw Fee" that is a flat fee paid to the employee for each facility visited each day to collect samples, or each sample taken each day. This flat fee is typically $50-60 per facility visited or sample collected.

     c.    A "Stat Fee" that is a flat fee paid to the employee for each individual sample taken at a location outside of their regular route of facilities. This flat fee is typically $25-$100 depending on whether the sample is collected inside or outside of the employees' assigned radius.

     d.    Other forms of non-discretionary, production-based or incentive-based compensation.  For example, Defendant may provide enhanced hourly rates that are slightly higher than the base hourly rates.

31.    During the Relevant Period, Defendant has employed approximately at least 600 or more non-exempt, hourly-plus-production-based-pay employees (including mobile phlebotomists and mobile sonographers), including approximately at least 50 such employees in Virginia. These similarly situated employees were subject to the same pay policies at issue in this case, and have the same overtime claims arising from those polices.

32.    Plaintiff was regularly scheduled to work, and did work, at least 40 hours per week: typically, 12 or more hours per day, Monday, Wednesday, Friday, 8 or more hours Tuesday and Thursday  plus 5 or more hours on weekends. Other similarly situated employees were scheduled the same or similarly.

33.    Plaintiff and similarly situated employees regularly worked in excess of 40 hours per workweek in multiple workweeks and were subject to the policies and practices described herein that deprived them of overtime wages.

**A.**    **The Overtime Rate Policy**

34.    Defendant has a policy and practice of failing to include all remuneration paid to Plaintiff and similarly situated employees (including non-discretionary bonuses, flat fees, piece

rates, enhanced hourly rates, and similar forms of production-based or incentive compensation) in calculating overtime rates paid to Plaintiff and similarly situated employees for work in excess of 40 hours per week. This resulted and results in Plaintiff and similarly situated employees receiving less overtime wages than they are entitled to receive under the FLSA and VOWA (the "Overtime Rate Policy").

35.     For example, during the pay period September 13, 2021 to October 23, 2021, Plaintiff worked at least 28.03 on-the-clock overtime hours and was paid at least $4,550.60 in the production-based flat fees discussed above. But pursuant to the Overtime Rate Policy, Defendant did not include this remuneration in calculating Plaintiff's overtime rate. Instead, Defendant only paid Plaintiff overtime compensation at an overtime rate of 1.5 times his $10-per-hour base hourly rate.

36.     For an additional example, during the pay period February 14, 2022 to February 27, 2022, Plaintiff worked at least 14.18 on-the-clock overtime hours and was paid at least $3,300.00 in the production-based flat fees discussed above. But pursuant to the Overtime Rate Policy, Defendant did not include this remuneration in calculating Plaintiff's overtime rate. Instead, Defendant only paid Plaintiff overtime compensation at an overtime rate of 1.5 times his $10-per-hour base hourly rate.

37.     Pursuant to Defendant's Overtime Rate Policy, employees similarly situated to Plaintiff likewise did not receive overtime compensation at an overtime rate that included their production-based compensation.

**B.     The Unpaid Travel Time Policy**

38.     Defendant has a policy and practice of requiring Plaintiff and similarly situated

employees to clock out and remain off the clock for the periods of travel time between (a) the employee's delivery of a sample to the hospital/lab or spinning site, and (b) the employee's arrival at the next job site to collect the next sample. Thus, Defendant has a policy and practice of excluding this travel time from its calculation of Plaintiff's and similarly situated employees' compensable working time under the FLSA and VOWA (the "Unpaid Travel Time Policy").

39.     For example, on 2/28/2023, Plaintiff traveled to and collected blood samples from 6 different facilities for Defendant. After each collection, he transported the sample to a lab or hospital, then traveled to the next facility for the next collection, and so on.

40.     Pursuant to Defendant's Unpaid Travel Time Policy, Defendant required Plaintiff to clock out upon delivering each sample to the hospital/lab or spinning site and did not permit him to clock back in until arriving at the next facility to collect the next sample. Thus, through the Unpaid Travel Time Policy, Defendant excluded from its calculation of compensable working time the time Plaintiff spent traveling between hospitals/labs or spinning sites and the next facility.

41.     The travel time subject to Defendant's Unpaid Travel Time Policy is compensable working time for purposes of the FLSA and VOWA.

42.     As a result of Defendant's Unpaid Travel Time Policy, Plaintiff and similarly situated employees are not compensated for all overtime hours that they work, and therefore do not receive the required overtime compensation for these hours.

43.     Defendant knew or should have known that Plaintiff and similarly situated employees were not being paid overtime rates that included all applicable remuneration (like production-based pay) because this practice is shown on Defendant's pay records, among other

evidence.

## C.    Additional Allegations

44.    Plaintiff and similarly situated employees were not employed in any bona fide executive, administrative, or professional capacity.

45.    Based on the nature of Plaintiff's and similarly situated employees' job duties and their hourly pay basis, there is no FLSA or VOWA exemption that applies to preclude them from being paid one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

46.    Defendant willfully violated the FLSA and VOWA as to Plaintiff and similarly situated employees through its Overtime Rate Policy and Unpaid Travel Time Policy.

47.    Defendants knowingly failed to pay full overtime wages required by the VOWA within the meaning of Va. Code § 40.1-29(J) and (K) (2021) and § 40.1-29.2 (2021).[1]

48.    Defendant suffered and/or permitted and/or required Plaintiff and similarly situated employees to work more than 40 hours per week without full overtime compensation of 1.5 times their regular rates.

49.    Defendant knew or should have known that its policies and practices of not paying Plaintiff and similarly situated employees the required full overtime rates for all hours worked in excess of 40 hours per week violated the overtime provisions of the FLSA and

---

[1] From July 1, 2021 to June 30, 2022, the VOWA allowed for triple damages for knowing violations through the Virginia Wage Payment Act, Va. Code 40.1-29(J)&(K) (2021) ("VWPA") and Va. Code § 40.1-29.2(F) ("2021 VOWA"). The VOWA and VWPA were subsequently amended, effective July 1, 2022, so that VOWA mirrored the FLSA and triple damages were no longer available for overtime violations. Plaintiff seeks triple damages only for the period the 2021 VOWA was in effect.

10

VOWA.

50.     At all relevant times Defendant intended to deprive Plaintiff and similarly situated employees of the overtime pay they were entitled to under the FLSA and VOWA or acted with reckless disregard for these employees' rights under the VOWA and FLSA.

51.     Defendant compensated, and continues to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and similarly situated employees.

52.     Defendant's pay operations are centrally managed as a single enterprise, and employees meeting the FLSA Collective and Virginia Class definitions are subject to common payroll practices.

## V.     FLSA COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiff on behalf of himself and the FLSA Collective.

54.     Defendant employs, and has employed, multiple persons who fit the above definition who due to Defendant's policies and practices described herein were deprived of the full required overtime pay for all time they worked in excess of 40 hours each week.

55.     These employees perform, and have performed, work which entitles them to payment of overtime compensation which they have not received.

56.     Within the past three years, Plaintiff and similarly situated employees were subject to common plans or policies of Defendant to avoid paying full overtime wages by omitting required-to-be-included remuneration from the calculation of overtime rates (the Overtime Rate Policy) and omitted required-to-be-counted workday travel time from its calculation of hours and overtime hours worked (the Unpaid Travel Time Policy). Defendant's

time records and pay records, among other evidence, show these policies and practices with respect to employees who fit the above definition.

57.    Defendant compensated, and continues to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and other persons performing similar job functions.

58.    Defendant's pay operations are centrally managed, and employees meeting the above definition of the FLSA Collective are subject to common payroll practices.

59.    Defendant's policy of not paying the required overtime compensation amounted to a willful or reckless disregard of the employees' rights under the FLSA.

60.    Defendant had no good faith basis to believe that its Overtime Rate Policy and Unpaid Travel Time policy was somehow allowable under the FLSA.

61.    Defendant's willful disregard of the overtime wage laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

62.    Plaintiff's hourly pay and job duties, and the hourly pay and job duties of those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

63.    At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

64.    Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised

notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

65.     Plaintiff hereby files his Written Consent to Become Party to Collective Action Under 29 U.S.C. § 216 and State Laws. Plaintiff's Written Consent Form is attached as Exhibit 1.

## VI.   CLASS ACTION ALLEGATIONS

66.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Virginia Class.

67.     This suit is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(1) and 23(b)(3).

68.     <u>Numerosity</u>:   Upon information and belief, the Virginia Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed over 50 people who satisfy the definition of the proposed Virginia Class.

69.     <u>Typicality</u>:     Plaintiff's claims are typical of the Virginia Class. The claim is based on Defendants' corporate policies and practices of (a) omitting required-to-be-included remuneration from the calculation of overtime rates paid to Plaintiff and similarly situated employees (the Overtime Rate Policy) and (b) omitting required-to-be-counted workday travel time from its calculation of hours and overtime hours worked (the Unpaid Travel Time Policy). These are centralized pay policies and practices determined by Defendant, and applicable to all locations where the Virginia Class worked. Plaintiff and other Virginia Class members were all subject to Defendants' Overtime Rate Policy and/or Unpaid Travel Time Policy.

70.    <u>Superiority</u>:     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

71.    <u>Adequacy</u>:     Plaintiff will fairly and adequately protect the interests of the Virginia Class, as he has extensive experience working for Defendant and knowledge of the pay practices and policies at issue in this case, and has retained counsel experienced in complex wage and hour class and collective action litigation.

72.    <u>Commonality</u>: Common questions of law and fact exist to all members of the Virginia Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a.    Whether Defendant's Overtime Rate Policy violates the VOWA.

    b.    Whether Defendant's Unpaid Travel Time Policy violates the VOWA.

    c.    Whether Defendant is/was an "employer" of Plaintiff and the Virginia Class within the meaning of VOWA.

    d.    The proper measure of damages sustained by Plaintiff and the Virginia Class.

    e.    Whether Defendants' allegedly violative policies and practices were willful and/or knowing within the meaning of Va. Code § 40.1-29(J) and (K).

73.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Virginia Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for

Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

74.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Virginia Class predominate over any questions only affecting individual members of the Virginia Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the members of the Virginia Class the full overtime wages to which they are entitled under Virginia law. The damages suffered by the individual Virginia Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices. To Plaintiff's knowledge, no other litigation has begun addressing the classwide controversies at issue in this case. Further, this forum is a desirable forum because, inter alia, Defendant's principal office is located in Davie, Florida and the pay practices and policies at issue are centralized and implemented in that office. Managing a class action is not likely to be difficult as the time and payroll data entailed is in Defendant's possession.

75.     Plaintiff intends to send notice to all members of the Virginia Class to the extent required by Rule 23. The names and addresses of the members of the Virginia Class are available from Defendant.

76.     Plaintiff reserves the right to propose amended class definitions and/or sub-classes in his motions for collective action and class action certification.

77.     Defendant employs, and has employed, multiple persons who fit the Virginia Class definition who due to Defendant's policies and practices described herein were deprived of the full required overtime pay for all time they worked in excess of 40 hours each week. These employees perform, and have performed, work which entitles them to payment of overtime compensation which they have not received.

78.     Within the past three years, Plaintiff and similarly situated employees were subject to common plans and policies of Defendant to avoid paying full overtime wages, through the Overtime Rate Policy and/or Unpaid Travel Time Policy. Defendant's time records and pay records, among other evidence, show these policies and practices with respect to employees who fit the above definition.

79.     Defendant's pay operations are centrally managed, and employees meeting the above definition are subject to common payroll practices.

80.     Defendant's Overtime Rate Policy and Unpaid Travel Time Policy each amounted to a willful or reckless disregard of the employees' rights under the VOWA.

81.     Defendant had no good faith basis to believe that is Overtime Rate Policy and Unpaid Travel Time Policy was somehow allowable under the VOWA.

82.     Defendant's policies and practices described herein each amount to a knowing failure to pay wages as required by the VOWA.

**VI.     CLAIMS**

**COUNT 1: VIOLATIONS OF FAIR LABOR STANDARDS ACT**
**(Overtime Violations – Overtime Rate Claim)**
**(On Behalf of Plaintiff and FLSA Collective)**

83.     Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully

set forth herein.

84.     Plaintiff brings this FLSA count as a collective action under 29 U.S.C. § 216(b), on behalf of himself and the FLSA Collective.

85.     At all times relevant herein, each Defendant has been, and continues to be, an "employer," and Plaintiff and each similarly situated employees has been, or continues to be, an "employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

86.     The FLSA requires that the "regular rate" used to calculate the overtime rate shall be deemed to include "all remuneration for employment paid to, or on behalf of, the employee[,]" except for specified excluded types of remuneration that do not apply here. 29 U.S.C. § 207(e). *See* 29 C.F.R. § 778.107 *et seq*.; 29 C.F.R. § 778.208, *et seq*.

87.     Through is Overtime Rate Policy, Defendant failed to include required-to-be-included remuneration (such as production-based flat fees) from the calculation of overtime rates paid to the FLSA Collective, and therefore Defendant violated, and continues to violate the FLSA. Through this policy and practice, Defendant paid and continues to pay these employees lower overtime rates, and therefore less overtime wages than it is required to pay under the FLSA.

88.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

89.     Plaintiff seeks damages for himself and all others similarly situated in the amount of Plaintiff's and each similarly situated employee's unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and

equitable relief as the Court deems just and proper.

**COUNT 2: VIOLATIONS OF VIRGINIA OVERTIME WAGE ACT**
**(Overtime Violations – Overtime Rate Claim)**
**(On Behalf of Plaintiff and Virginia Class)**

90.    Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

91.    Plaintiff brings this VOWA count as a class action under Federal Rule of Civil Procedure 23, on behalf of himself and the Virginia Class. In the alternative, Plaintiff brings this VOWA count as a collective action under the VOWA, Va. Code § 40.1-29.2, and Va. Code § 40.29(J), on behalf of himself and the Virginia Class.

92.    At all times relevant, like the FLSA, the VOWA has required employers to include production-based bonuses, fees and other forms of production-based or incentive compensation in calculating overtime rates.

93.    The 2021 VOWA required, "For any hours worked by an employee in excess of 40 hours in any one workweek, an employer shall pay such employee an overtime premium at a rate not less than one and one-half times the employee's regular rate, pursuant to 29 U.S.C. § 207." Va. Code § 40.1-29.2(B) (2021).

94.    The 2021 VOWA, like Section 207 of the FLSA, requires that the "regular rate" used to calculate the overtime rate shall be deemed to include "all remuneration for employment paid to, or on behalf of, the employee[,]" except for specified excluded types of remuneration that do not apply here. 29 U.S.C. § 207(e); Va. Code § 40.1-29.2(B) (2021). *See* 29 C.F.R. § 778.107 *et seq*.; 29 C.F.R. § 778.208, *et seq*.

95.    Since the 2022 amendments to VOWA, the VOWA has also mirrored

18

requirements of the FLSA on this issue: "Any employer that violates the overtime pay requirements of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended, and any regulations, guidance, or rules adopted pursuant to the overtime pay provisions of such federal act or any related governing case law shall be liable to the employee for the applicable remedies, damages, or other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29.…" Va. Code § 40.1-29.2.

96.     Through is Overtime Rate Policy, Defendant failed to include required-to-be-included remuneration (such as production-based flat fees) from the calculation of overtime rates paid to the Virginia Class, and therefore Defendant violated, and continues to violate the VOWA. Through this policy and practice, Defendant paid and continues to pay these employees lower overtime rates, and therefore less overtime wages than it is required to pay under the VOWA.

97.     By failing to compensate Plaintiffs and similarly situated employees with the full overtime wages for their overtime hours worked, Defendant has violated, and continues to violate the VOWA.

98.     Defendant's pay policies and practices and conduct described herein constitute Defendant "knowingly failed to pay wages to an employee in accordance with … § 40.1-29.2 [the 2021 VOWA]" within the meaning of Va. Code § 40.1-29(J) and (K) (2021).

99.     Plaintiff seeks damages in the amount of unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, as well as "an amount equal to triple the amount of wages due and

reasonable attorney fees and costs" pursuant to Va. Code §§ 40.1-29.2(F) (2021) and 40.1-29(J) (2021), all other relief available under the VOWA, and all other such legal and equitable relief as the Court deems just and proper.

**COUNT 3: VIOLATIONS OF FAIR LABOR STANDARDS ACT**
**(Overtime Violations – Unpaid Travel Time Claim)**
**(On Behalf of Plaintiff and FLSA Collective)**

100.    Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

101.    Plaintiff brings this FLSA count as a collective action under 29 U.S.C. § 216(b), on behalf of himself and the FLSA Collective.

102.    The FLSA requires that The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, each member of the FLSA Collective is entitled to overtime compensation at one and one-half times their regular rate of pay for work performed in excess of forty hours per week.

103.    The FLSA requires that time spent traveling from job site to job site during the workday is compensable working time that must be included in calculating overtime hours. *See, e.g.*, 29 C.F.R. § 785.38.

104.    Plaintiff and each member of the FLSA Collective were therefore entitled to have their time spent traveling from job site to job site during the workday counted as compensable working time in Defendant's calculation of hours and overtime hours.

105.    Through its Unpaid Travel Time Policy, Defendant failed to include required-to-

be-counted workday travel time between job sites from its calculation of hours and overtime hours worked by Plaintiff and the FLSA Collective, and therefore Defendant violated, and continues to violate the FLSA. Through this policy and practice, Defendant paid and continues to pay these employees for fewer overtime hours than they worked, and therefore paid them less overtime compensation than it is required to pay under the FLSA.

106.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

107.    Plaintiff seeks damages for himself and all others similarly situated in the amount of Plaintiff's and each similarly situated employee's unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

### COUNT 4: VIOLATIONS OF VIRGINIA OVERTIME WAGE ACT
### (Overtime Violations – Unpaid Travel Time Claim)
### (On Behalf of Plaintiff and Virginia Class)

108.    Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

109.    Plaintiff brings this VOWA count as a class action under Federal Rule of Civil Procedure 23, on behalf of himself and the Virginia Class. In the alternative, Plaintiff brings this VOWA count as a collective action under the VOWA, Va. Code § 40.1-29.2, and Va. Code § 40.29(J), on behalf of himself and the Virginia Class.

110.    At all times relevant, the VOWA has required Defendant to pay the Virginia Class overtime compensation at one and one-half their regular rates for all hours worked in excess of

forty per week.

111.    The 2021 VOWA required, "For any hours worked by an employee in excess of 40 hours in any one workweek, an employer shall pay such employee an overtime premium at a rate not less than one and one-half times the employee's regular rate, pursuant to 29 U.S.C. § 207." Va. Code § 40.1-29.2(B) (2021).

112.    Since the 2022 amendments to VOWA, the VOWA has mirrored the requirements of the FLSA: "Any employer that violates the overtime pay requirements of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended, and any regulations, guidance, or rules adopted pursuant to the overtime pay provisions of such federal act or any related governing case law shall be liable to the employee for the applicable remedies, damages, or other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29.…" Va. Code § 40.1-29.2.

113.    As under the FLSA, Plaintiff and each member of the Virginia Class were therefore entitled to have their time spent traveling from job site to job site during the workday counted as compensable working time in Defendant's calculation of hours and overtime hours.

114.    Through its Unpaid Travel Time Policy, Defendant failed to include required-to-be-counted workday travel time between job sites from its calculation of hours and overtime hours worked by Plaintiff and the Virginia Class, and therefore Defendant violated, and continues to violate the VOWA. Through this policy and practice, Defendant paid and continues to pay these employees for fewer overtime hours than they worked, and therefore paid them less overtime compensation than it is required to pay under the VOWA.

115.    Defendants' pay policies and practices and conduct described herein constitute

Defendant "knowingly failed to pay wages to an employee in accordance with … § 40.1-29.2 [the 2021 VOWA]" within the meaning of Va. Code § 40.1-29(J) and (K) (2021).

116.    Plaintiff seeks damages in the amount of unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, as well as "an amount equal to triple the amount of wages due and reasonable attorney fees and costs" pursuant to Va. Code §§ 40.1-29.2(F) (2021) and 40.1-29(J) (2021), all other relief available under the VOWA, and all other such legal and equitable relief as the Court deems just and proper.

**FLSA Relief Requested**

Wherefore, Plaintiff on behalf of himself and all members of the FLSA Collective requests the following relief against Defendants:

A.    An order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

B.    Judgment that Plaintiff and all similarly situated employees were non-exempt employees entitled to protection under the FLSA;

C.    Judgment against Defendant for violations of the overtime wage provisions of the FLSA;

D.    Judgment that Defendant's violations as described above were willful;

E.    Money damages for all unpaid overtime wages;

F.    Liquidated damages in an amount equal to all unpaid overtime wages owed to Plaintiff and similarly situated employees;

G.      Pre-judgment and post-judgment interest;

H.      Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

I.      Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the FLSA or other applicable law; and

J.      Any and all further relief permissible by law.

<strong><u>Virginia Class Relief Requested</u></strong>

Wherefore, Plaintiff on behalf of himself and all members of the Virginia Class requests the following Relief against Defendants:

A.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.      Designation of Plaintiff as representative of the Virginia Class and counsel of record as class counsel;

C.      Unpaid overtime wages, liquidated and/or triple damages, injunctive relief, and attorney's fees and costs pursuant to Virginia law;

D.      Judgment that Plaintiff and all similarly situated employees were non-exempt employees entitled to protection under the VOWA;

E.      Judgment against Defendant for violations of the overtime wage requirements of the VOWA;

F.      Judgment that Defendant's violations as described above were willful;

G.      Judgment that Defendant "knowingly failed to pay wages to an employee in accordance

24

with [the 2021 VOWA]" within the meaning of Va. Code § 40.1-29(J)&(K) (2021) as to Plaintiff and all similarly situated employees.

H.      Money damages for all unpaid overtime wages;

I.      Liquidated damages in an amount equal to all unpaid wages owed to Plaintiff and similarly situated employees, and/or triple damages to the full extent allowed by law;

J.      An amount equal to "triple the amount of wages due and reasonable attorney fees and costs" pursuant to Va. Code §§ 40.1-29.2(F) and 40.1-29(J) (2021);

K.      Pre-judgment and post-judgment interest;

L.      Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

M.      Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the VOWA or other applicable law; and

N.      Any and all further relief permissible by law.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all claims and issues so triable.


Respectfully submitted,

DAN ARINATWE,
individually and on behalf of all others similarly situated,
By Counsel

Dated:          September 12, 2024

__/s/ Jordan Richards_____
Jordan Richards (FL Bar No. 108372)
Jordan Richards, PLLC
1800 Southeast 10th Ave, Suite 205
Fort Lauderdale, FL 33316
(954) 871-0050
jordan@jordanrichardspllc.com

/s/Zev Antell_____
Zev Antell (VSB No. 74634)
*Pro Hac Vice to be Filed*
ButlerCurwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
804.648.4848
zev@butlercurwood.com

/s/Timothy Coffield_____
Timothy Coffield (VSB 83430)
*Pro Hac Vice to be Filed*
Coffield PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
p: (434) 218-3133  f: (434) 321-1636
tc@coffieldlaw.com

Counsel for Plaintiff